UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-81005-Civ-Ryskamp/Vitunac

MARK CONBOY,

    Plaintiff,

v.

GMAC MORTGAGE, LLC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Kenneth L. Ryskamp. Defendant GMAC Mortgage LLC's Motion to Dismiss (DE 13) is before the Court. Plaintiff Mark Conboy has not filed a reponse, and the time to do so has passed.

Plaintiff brings an expansive Amended Complaint that offers little detail specific to his alleged injuries. Instead the Amended Complaint functions as an overarching indictment of the entire lending industry during the property boom. The Court can understand the anger, as can the rest of the country, and would consider the complaint's expansiveness to be venting, except for the fact that there is no indication that Plaintiff wrote the complaint. In fact, every indication suggests Plaintiff merely downloaded the complaint from some website. Again.

When the Court initially ordered Plaintiff to file an Amended Complaint, it was because the Complaint – identical to at least three other Complaints filed in this district – was clearly a form complaint unadorned with allegations germane to the parties before the Court. The Court warned the Plaintiff that Rule 8 required enough factual allegations to make it probable that he had a valid cause

1

of action against Defendant. And that, inherent in this, is the requirement that allegations offer enough specific detail to establish how Plaintiff, personally, not as a generic class of homeowner, was harmed. The Amended Complaint fails to meet this standard or cure the defects of the original complaint. Accordingly, it should be dismissed.

The Amended Complaint goes into some detail on the process by which mortgage loans were sold to investors and how profit-driven lenders were making loans intending to immediately sell them. None of this is relevant to the determination the Court must make: has Plaintiff adequately pled his claims that Defendant harmed him in an actionable manner. First, the alleged fraud on the American taxpayer is irrelevant. Plaintiff cannot sue on the taxpayer's behalf, same with the defrauded investors who bought notes that were allegedly designed to fail. Second, Plaintiff claims that the lender sold the note to an investor. Seemingly, the only way this matters is because Plaintiff alleges that he could not exercise provisions that allow modification of the note because of this sale. Plaintiff does not indicate what provisions were implicated, explain why they were no longer in force or allege that he tried to invoke those provisions.

Liberally construing the Amended Complaint, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir.2007), the Court turns to the Plaintiff's specific claims. They all fail.

Plaintiff sues Defendant for breach of fiduciary duty. Defendant is a bank, Plaintiff is a borrower, and a bank does not owe a borrower a fiduciary duty. Capital Bank v. MVB, Inc., 644 So.2d 515, 518-19 (Fla. 3d DCA 1994). Plaintiff also sues Defendant for negligence. The Amended Complaint fails to identify what duty Defendant has to Plaintiff, how that duty was breached or what the damages from the breach were. Lanza v. Schriefer, 2010 WL 2754327 (S.D. Fla. 2010). Accordingly, this count fails. Plaintiff's fraud claim fails. Plaintiff does not explain

what fraudulent statement was made to him – generalized industry fraud is not enough. This does not satisfy Rule 8 pleading standards, let alone Rule 9. Fed. R. Civ. P. 9(b). Plaintiff's claim for breach of implied covenant of good faith fails because Plaintiff fails to identify a contractual term that was breached by the Defendant. This is a necessary predicate for a claim for implied covenant of good faith and fair dealing. Insurance Concepts and Design, Inc. v. Healthplan Services, Inc., 785 So. 2d 1232, 1234 (Fla. 4th DCA 2001). Plaintiff's claim for intentional infliction of emotional distress also fails. Plaintiff fails to indicate what Defendant has done to cause emotional distress. Lastly, Plaintiff alleges Defendant violated the Truth in Lending Act. 15 U.S.C. § 1601 et seq. The Defendant is not the lender[1] and does not have any obligations under the Truth in Lending Act.

Accordingly, because Plaintiff's Amended Complaint fails to satisfy Rule 8, the Court respectfully RECOMMENDS that Defendant's Motion to Dismiss (DE 13) be GRANTED and Plaintiff's Amended Complaint (DE 12) be DISMISSED.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable U.S. District Judge Kenneth L. Ryskamp, within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See U.S. v. Warren, 687 F.2d 347, 348 (11th Cir.1982), cert. denied, 460 U.S. 1087 (1983).

---

[1] In its motion to dismiss, Defendant asserts that it was not the lender, this assertion is undisputed.

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this **18** day of February, 2011.

*/s/ Ann E. Vitunac*
ANN E. VITUNAC
United States Magistrate Judge